ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FILED**

**DEC 2 0 2013**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JASON CARL KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13-165C |
| v. | ) (Judge Francis M. Allegra) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR REMAND

Pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court remand this matter to the Board for Correction of Naval Records ("BCNR"), with the following directions:

(1) to afford Mr. Kennedy the opportunity to present in writing to the BCNR, within 30 days of the Court's order, a response to the Navy's recommendation to disenroll him from the GWU NROTC Scholarship Program and, if disenrollment occurs, whether reimbursement of scholarship tuition is appropriate;

(2) to seek any advisory opinions that the BCNR deems necessary in order to issue its decision in this matter; and

(3) to afford Mr. Kennedy any relief that the BCNR determines that he is entitled to receive and to issue a decision explaining in detail the rationale supporting its final decision within 180 days of the Court's order.

Remand will ensure that the BCNR has an opportunity to review and to consider thoroughly all materials that Mr. Kennedy may submit in connection with his disenrollment and his request for relief.[1] It will also allow for a competent interpretation of agency regulations, which is essential to the outcome of this case.

---

[1] The United States files this motion in lieu of its reply in support of its July 22, 2013 motion to dismiss and motion for judgment upon the administrative record. If the Court denies this motion to remand, we respectfully request that the Court grant us 17 days from the date of that denial in

We further respectfully request that the Court suspend further proceedings pending the BCNR's completion of its review, estimated to be approximately 180 days. During the suspension, the United States will submit to the Court a status report every 90 days, as well as a status report 30 days following the date the BCNR completes its review.

In support of this motion, we rely upon Mr. Kennedy's complaint, the following memorandum, as well as our July 22, 2013 motion to dismiss and motion for judgment upon the administrative record and appendix. Mr. Kennedy has indicated that he opposes this motion.

### STATEMENT OF THE FACTS

During Mr. Kennedy's disenrollment processing, the GWU NROTC provided Mr. Kennedy with notice, in accordance with Chief of Naval Education and Training Instruction (CNETINST) 1533.12G ¶310, that a Performance Review Board (PRB) would convene to evaluate his suitability for commissioning. AR85. The notification informed Mr. Kennedy that the board could recommend his disenrollment and that he had the option of attending the proceeding, as well as providing a statement and other documents on his behalf. *Id. See also* Def.'s Mot. to Dismiss Am. Compl. App. 78 (CNETINST 1533.12G ¶310). The administrative record states that the Navy convened a PRB on August 17, 2006. AR88-89. It further states that Mr. Kennedy did not attend or provide any supplemental documentation. *See* AR88-89. After reviewing Mr. Kennedy's performance, academic, and disciplinary records, the board recommended that the Navy disenroll him from the GWU NROTC program, without a requirement to reimburse his scholarship benefits. AR89.[2]

---

which to reply in support of our motion to dismiss and motion for judgment upon the administrative record.

[2] Although the PRB recommended disenrollment without reimbursement, the Marine Corps Recruiting Command ultimately recommended recoupment from Mr. Kennedy of $50,675.00 in

On September 14, 2013, Mr. Kennedy attached an email transmission to his response to our motion to dismiss and motion for judgment upon the administrative that was not previously in defendant's possession. Pl.'s Resp. Ex. B. The August 8, 2006 email from Mr. Kennedy's Marine Officer Instructor's GWU account informed Mr. Kennedy that the PRB will, in fact, not meet. *Id.* Mr. Kennedy alleges that the Marine Corps Instructor verbally explained that the PRB would not convene. *Id.* Ex. A ¶¶ 12-13.

Upon receipt of this email, we sought, and received an enlargement of time within which to reply in support of our motion, to allow for an investigation of the circumstances surrounding and referenced within the email. Def.'s Mot. for En. (Sept. 27, 2013). The Navy's subsequent investigation confirmed the email was sent.

As such, in lieu of replying, the United States sought a second enlargement of time in order to engage in settlement negotiations with Mr. Kennedy. The negotiations, however, were unsuccessful.

## ARGUMENT

### I. Legal Standard For Remand

The Court has authority under the Tucker Act "to remand appropriate matters to an administrative or executive body or official with such directions as it may deem proper and just." 28 U.S.C. § 1491(a)(2). *See Fucik v. United States*, 228 Ct. Cl. 379, 387 (1981) (remanding to administrative board an issue that plaintiff had failed to submit to the board). Under the standard set forth by the Supreme Court in *Florida Power & Light Co. v. Lorion*, this Court must remand an administrative decision for correction of errors. 470 U.S. 729 (1985). Indeed, if this Court

---

scholarship funds that had been provided for Mr. Kennedy. AR47. The Assistant Secretary of the Navy (Manpower and Reserve Affairs) approved the decision to require reimbursement on February 16, 2007. *Id.*

3

concludes that the existing administrative record is inadequate, or lacking, the role of the court is not "to fill in the evidentiary gaps." *Bateson v. United States*, 48 Fed. Cl. 162, 164 (2000) (citation omitted). "The proper course, except in rare circumstances, is to remand the action to the agency for additional investigation or explanation." *Id.*

## II. Remand Is Appropriate Given The Gaps In the Administrative Record

Remand is appropriate in this case because the administrative record contains gaps related to the convening of the PRB and Mr. Kennedy's opportunity to be heard regarding his disenrollment.

The administrative record states that the Navy informed Mr. Kennedy of his right to attend his PRB and that Mr. Kennedy chose not to attend. The proffered email, however, indicates that Mr. Kennedy received conflicting instructions relating to his ability to attend the board. *Compare* AR88-89 *with* Pl.'s Resp. Ex. B. The administrative record thus contains an evidentiary gap in that it cannot confirm that the Navy afforded Mr. Kennedy an opportunity to appear and to be heard in accordance with CNETINST 1533.12G ¶310(g).

In addition, Mr. Kennedy contends that he has information relevant to his enrollment in the NROTC Scholarship Program that he was unable to present to the PRB. Necessarily, the Navy did not review this information when making its disenrollment and reimbursement decision and the administrative record does not contain this information. Thus, to the extent that Mr. Kennedy was unable to present information to the PRB, rather than choosing not to do so, the administrative record lacks this information and contains another gap.

4

A remand would rectify these gaps in the record in accordance with *Florida Power & Light* by providing Mr. Kennedy with the opportunity to provide the Navy with information, supporting his continued enrollment in the NROTC and retention of scholarship benefits, that he may not have been able to provide in August of 2006 because he received the proffered email. The BCNR would have the ability to seek advisory opinions from subject matter experts, to potentially include the Naval Service Training Command, which exercises authority over the NROTC program, the Marine Corps Recruiting Command, and Navy Personnel Command. *See* SECNAVINST 5420.193, enclosure (3), ¶ 7. Such advisory opinions may assist the Navy in completing a thorough review of Mr. Kennedy's proposed disenrollment in comparison to the relevant agency regulations and to determine whether an error or injustice occurred. This review would be consistent with the Navy's responsibility for military decisions. *See Orloff v. Willoughby*, 345 U.S. 83, 93-94 (1953) ("[J]udges are not given the task of running the [military]. The responsibility for setting up channels through which such grievances can be considered and settled rests upon the Congress and upon the President of the United States and his subordinates."). In the event that the BCNR determines that the Navy failed to follow CNETINST 1533.12G ¶310, the BCNR may then provide Mr. Kennedy with appropriate remedies.

We anticipate that the BCNR will require approximately 180 days to complete consideration of this matter. We, therefore, respectfully request that the Court suspend further proceedings in this matter. During the suspension, we will file with the Court a status report

every 90 days, as well as a status report 30 days following the date the BCNR completes its review.

## CONCLUSION

For these reasons, we respectfully request that the Court remand Mr. Kennedy's enrollment in the NROTC Scholarship Program to the BCNR and to suspend any further proceedings in this matter.

                                            Respectfully submitted,

                                            STUART F. DELERY
                                            Acting Assistant Attorney General

                                            BRYANT G. SNEE
                                            Acting Director

                                            */s/ Reginald T. Blades, Jr.*
                                            REGINALD T. BLADES, JR.
                                            Assistant Director

                                            */s/ William J. Grimaldi*

| OF COUNSEL: | WILLIAM J. GRIMALDI |
| --- | --- |
|  | Trial Attorney |
|  | Commercial Litigation Branch |
|  | Civil Division |
|  | U.S. Department of Justice |
| LT MATTHEW ROUSH, JAGC, USN | P.O. Box 480 |
| Office of the Judge Advocate General | Ben Franklin Station |
| General Litigation Division (Code 14) | Washington, DC  20044 |
| U.S. Department of the Navy | Tel:  (202) 616-0471 |
| 1322 Patterson Avenue SE, Suite 3000 | Fax:  (202) 514-8624 |
| Washington Navy Yard, DC  20374 | william.j.grimaldi@usdoj.gov |
|  |  |
| December 20, 2013 | Attorneys for Defendant |

6

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 20, 2013, I caused to be served by United States mail (first-class, postage prepaid), copies of the "DEFENDANT'S MOTION FOR REMAND," addressed as follows:

        Jason Carl Kennedy
        1302 William Street
        Apt. 2
        Denver, CO 80218